**NORTON ROSE FULBRIGHT**

August 2, 2024

**Via CM/ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States of America

Direct line +1 212 318 3211
steve.dollar@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

Hon. Christopher C. Conner
United States District Judge
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street
Harrisburg, PA 17102

Re: *Consumer Financial Protection Bureau v. Pennsylvania Higher Education Assistance Agency*, No. 1:24-CV-896

Dear Judge Conner:

In accordance with the Court's preferences, Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") files this correspondence to request the Court's assistance in resolving a discovery dispute.

On July 11, 2024—the day after the Court entered its standard Rule 16 order—Plaintiff Consumer Financial Protection Bureau (the "Bureau") served PHEAA with its First Set of Requests for Production. On July 29, 2024, the parties held their Rule 26(f) conference. On July 30, 2024, PHEAA moved to dismiss this action, with prejudice, under Rules 12(b)(6) and 12(b)(7). Dkt. 21. PHEAA now seeks an order staying all discovery until the Court resolves that dispositive motion. While the Court's Rule 16 order provides that "[c]ounsel shall not cease active discovery pending disposition of a motion to dismiss," Dkt. 12 ¶ 10, PHEAA submits that the nature of its motion to dismiss and the circumstances of this case merit a deviation from that provision of the order. The parties have conferred, and the Bureau opposes PHEAA's request.

The Court enjoys "broad discretion" over discovery matters, including "the timing of discovery." *Freeman v. United States*, No. 1:16-CV-2422, 2022 WL 2342707, at *3 (M.D. Pa. June 29, 2022) (Conner, J.). The Court "may defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the pretrial motion does not appear groundless." *Id.* In the context of a Rule 12(b) motion, "the Court need not form an opinion on the merits of the [m]otion to [d]ismiss; it need only decide whether the [m]otion may 'potentially lead' to either termination of the case or to a determination of which claims are viable, allowing the parties to tailor discovery." *Colbert v. Allstate Prop. & Cas. Ins. Co.*, No. 3:20-CV-1066, 2020 WL 6922653, at *1 (M.D. Pa. Oct. 23, 2020). "Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court." *Pollick v. McAndrew*, No. 3:20-CV-2096, 2021 WL 780808, at *2 (M.D. Pa. Mar. 1, 2021).

All of the factors guiding the Court's discretion favor a stay. First, and most importantly, PHEAA's motion to dismiss presents threshold issues that, in PHEAA's view, require the dismissal of the

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Hon. Christopher C. Conner
August 2, 2024
Page 2

NORTON ROSE FULBRIGHT

action in its entirety.  As will be explained in the brief in support of PHEAA's motion, the action exceeds the Bureau's statutory authority, intrudes on federal bankruptcy jurisdiction, and rests on erroneous legal premises, among other incurable defects.  Far from "groundless," *Freeman*, 2022 WL 2342707, at *3, PHEAA's motion finds support in the plain text of the Bureau's enabling legislation and a wealth of federal case law.

Moreover, there is no need to subject PHEAA to the burdens of engaging in discovery while the Court weighs whether, or to what extent, this action can proceed at all.  *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."); *N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co., LLC*, No. 3:08-CV-288, 2011 WL 4571727, at *3 (W.D. Pa. July 13, 2011) (staying discovery pending the outcome of a motion to dismiss "avoid[s] undue cost and waste of time and effort" and "recogniz[es] the possibility" that the motion "could potentially dispose of th[e] case"); *accord* Order, *Alers v. PHEAA*, No. 1:22-CV-1357 (M.D. Pa. Nov. 21, 2022) (Conner, J.), ECF No. 79 (granting stay of discovery pending resolution of motions to dismiss notwithstanding standard Rule 16 order).

For the foregoing reasons, PHEAA respectfully requests that the Court enter an order suspending paragraph 10 of its Rule 16 order and staying all discovery pending a decision on PHEAA's motion to dismiss.

Respectfully submitted,

Norton Rose Fulbright US LLP

*Steve Dollar*

Steve Dollar